UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

GULFPORT DIVISION

HILDA L. SOLIS, Secretary )
of Labor, United States )      FILE NO. 1:06cv50-LG-RHW
Department of Labor, )
                                )
          Plaintiff             )
                                )
v.                              )
                                )
STRUTHERS INDUSTRIES, INC.;     )
JOMEY B. ETHRIDGE, a/k/a JOE B. )
ETHRIDGE and J. B. ETHRIDGE; and )
STRUTHERS INDUSTRIES, INC.      )
RETIREMENT AND PROFIT SHARING   )
PLAN AND TRUST,                 )
                                )
          Defendants            )

## CONSENT JUDGMENT AND ORDER AS TO
## DEFENDANT JOMEY B. ETHRIDGE,
## a/k/a JOE B. ETHRIDGE and J. B. ETHRIDGE

Plaintiff, Secretary of Labor, United States Department

of Labor, pursuant to her authority under Sections 502(a)(2) and

502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C.

§ 1001 et seq., ("ERISA") filed a Complaint against the Defendants

listed above.[1]

---

[1]    Defendant Struthers Industries, Inc. and the Secretary
previously entered into a Consent Decree resolving all matters in
controversy in this action solely with regard to Defendant
Struthers Industries, Inc. (except for the imposition by Plaintiff
of any penalty pursuant to ERISA Section 502(l), 29 U.S.C.
§ 1132(l), and any proceedings related thereto).

Defendant Jomey B. Ethridge, a/k/a Joe B. Ethridge and J.B. Ethridge (hereinafter "Ethridge") and the Secretary consent to entry of a Judgment and Order by this Court in accordance herewith.

1. The Secretary's Complaint alleges that Defendant Ethridge breached his fiduciary duties with respect to the Plan (the "Plan") by failing to discharge his duties under the Plan and by violating ERISA sections 403(a) and (c)(1), 404(a)(1)(A), 404(a)(1)(B), 404(a)(1)(D), 405(a), 406(a)(1)(D), 406(b)(2), 29 U.S.C. §§ 1103(a) and (c)(1), 1104(a)(1)(A), 1104(a)(1)(B), 1104(a)(1)(D), 1106(a)(1)(D), 1105(a), and 1106(b)(2).

2. Defendant Ethridge hereby admits to the jurisdiction of the Court over him and over the subject matter of this action. Defendant Ethridge further admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

3. Defendant Ethridge admits each and every allegation in the Complaint as to Defendant Ethridge.

4. Defendant Ethridge admits that he is, or was at all times relevant to this action, acting as a fiduciary within the meaning of 29 U.S.C. § 1002(21)(a).

5. Defendant Ethridge expressly waives any and all claims of whatsoever nature that he may have against the Secretary, or any of her officers, agents, employees, or representatives,

arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

6. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant Ethridge, with the exception of any potential civil money penalties that may assessed under Section 502(1) of ERISA, 29 U.S.C. § 1132(1). This Order is not binding upon any government agency other than the U. S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendant Ethridge.

7. The Secretary and Ethridge expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Ethridge, his agents, servants, employees and all persons in active concert or participation with him be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3

3.   Defendant Ethridge be and hereby is permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4.   As a result of his fiduciary breaches, Defendant Ethridge has caused the Plan losses of $310,084.57.

5.   Judgment against Defendant Ethridge is hereby entered in the amount of $303,084.61 (with Ethridge's personal unpaid contributions of $6,999.96 deducted).

6.   By agreement of the Secretary of Labor and Defendant Ethridge, no collection of this judgment can be made against that certain real property described in Exhibit "A" attached hereto, and no lien shall attach against the described property by the Secretary of Labor.

7.   This Consent Judgment resolves all claims of Plaintiff's Complaint against Defendant Ethridge, with the following exceptions:

(a)   This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 (1) of the Act.

(b)   This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

(c)   This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

8. Each party shall bear its own costs and expenses, including attorney's fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This _____5TH_____ day of _October_ 2009.

_____
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

Defendant consents to entry
of the foregoing Judgment:

Plaintiff moves entry of
the foregoing Judgment:

Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor
THERESA BALL
Associate Regional Solicitor

Consented to:

See attached signature
JOMEY B. ETHRIDGE
aka Joe B. Ethridge and
J.B. Ethridge

s/Donna A. Sonner
DONNA E. SONNER
Attorney
TN BPR No. 013057
U. S. Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219
(615) 781-5330 Ext. 235
(615) 781-5321 (FAX)

STAN HARRIS
United States Attorney

By: s/Crockett Lindsey
CROCKETT LINDSEY
Assistant U. S. Attorney
1575 20th Avenue
Gulfport, Mississippi 39501

Telephone: 228/563-1560
Facsimile: 228/563-1571
Miss. Bar No.: 1265

8. Each party shall bear its own costs and expenses, including attorney's fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 2ND day of October, 2009.

_____
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Defendant consents to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
| | CAROL A. DEDEO Deputy Solicitor for National Operations |
| Consented to: | |
| | STANLEY E. KEEN Regional Solicitor |
| | THERESA BALL Associate Regional Solicitor |

_____
TOMEY B. ETHRIDGE
a/k/a Toe B. Ethridge and
J. B. Ethridge

_____
DONNA E. SONNER
Attorney
TN BPR No. 013057
U. S. Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219
(615) 781-5330 Ext. 235
(615) 781-5321 (FAX)

STAN HARRIS
United States Attorney

By: _____
CROCKETT LINDSEY
Assistant U. S. Attorney
1575 20th Avenue
Gulfport, Mississippi 39501
Telephone: 228/563-1560
Facsimile: 228/563-1571
Miss. Bar No.: 1265

## EXHIBIT "A" - LEGAL DESCRIPTION

Lots 18 through 27, inclusive, Block 2, Melody Lane Subdivision, First Ward, Bay St. Louis, Mississippi, as per map or plat of said subdivision, recorded in Volume J-7, page 212, Deed Records of Hancock County, Mississippi.